UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JARNARD M. WILLIAMS, )
 )
    Petitioner, )
 )
v. ) Case No. CV415-292
 )
WARDEN STANLEY WILLIAMS, )
 )
    Respondent. )

**REPORT AND RECOMMENDATION**

A Chatham County, Georgia jury convicted petitioner Jarnard Williams in April 2009 of "felony murder of Wymberly Baker, the aggravated assault of Donald Robinson, and two counts of possession of a firearm during the commission of a felony." *Williams v. State*, 290 Ga. 533, 533 (2012). He now petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254, however, suggests that it is untimely.

Williams had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is

---

[1] That provision provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Williams' convictions became final, and his one-year clock began to tick, on May 6, 2012, 90 days after the Georgia Supreme Court rejected his appeal. U.S. Sup. Ct. R. 13(1) (petitioners have 90 days to petition for *certiorari*); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality

attaches when . . . the time for filing a *certiorari* petition expires."); *Williams*, 290 Ga. at 533 (entered February 6, 2012). Nearly a year (360 days) elapsed before he paused the clock by filing a state habeas corpus petition. Doc. 1 at 3 (alleging that Williams filed his state habeas petition on January 31, 2013).

The Tattnall County Superior Court denied that petition on April 7, 2015, *see id.* at 3, so the clock began to tick again thirty days thereafter. *See* O.C.G.A. § 9-14-52 (habeas petitioners must file an application for a certificate of probable cause (CPC) with the Georgia Supreme Court within thirty days of the superior court's denial of habeas relief); *Hill v. Philbin*, 2015 WL 5604371 at * 1 (S.D. Ga. Sept. 23, 2015) (one-year limitations period under § 2244 tolled during thirty day window to file a CPC application). Williams, however, waited until October 27, 2015 to file his present petition. Doc. 1 at 14. That means another 204 days ticked by, far more than the five he had remaining.

Despite that, Williams' petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if

3

he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.* Williams, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. Accordingly, it appears that his § 2254 petition should be **DENIED** as untimely.[2]

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be

---

[2] "If [a] district court considers the timeliness of [a § 2254] petition *sua* sponte, it must give the parties 'fair notice and an opportunity to present their positions.'" *Aureoles*, 609 F. App'x at 623 (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)). Williams is free to present any favorable timeliness arguments within the objection period set forth in Fed. R. Civ. P. 72(b)(2), which the Court extends to 28 days for purposes of affording him ample "notice and an opportunity to present [his] position[]." The Clerk is **DIRECTED** to note this extended due date on the docket.

**DENIED**. 28 U.S.C. § 1915(a)(3). Finally, the Clerk is **DIRECTED** to First Class Mail a copy of Williams' petition and this Order to the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Paula Smith, in case respondent wishes to address the timeliness issue raised here.

**SO REPORTED AND RECOMMENDED**, this 13th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA