# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JARNARD M. WILLIAMS, )
 )
    Petitioner, )
 )
v. ) Case No. CV415-292
 )
WARDEN STANLEY WILLIAMS, )
 )
    Respondent. )

# ORDER

On November 13, 2015, the Court recommended that *pro se* prisoner Jarnard Williams' 28 U.S.C. § 2254 petition be dismissed as untimely. Doc. 2. Williams objects,[1] contending that the Court erred in calculating the number of days that ran off the one year statute of limitations imposed by 28 U.S.C. § 2244(d)(1) before Williams filed his § 2254 petition. Doc. 9. Williams is correct[2] and so the Court **VACATES**

---

[1] Williams filed a motion for extension of time to object that remains pending. Doc. 8. That motion is **GRANTED**. The Court will consider his objection.

[2] Williams notes that his convictions did not become final until 90 days after the Georgia Supreme Court, on February 27, 2012, denied reconsideration of its order affirming those convictions, not 90 days after that court's original February 6, 2012 opinion. Doc. 9 at 1; *Williams v. State*, 290 Ga. 533, 533 (2012) (reconsideration denied on February 27, 2012). Consequently, 248 days ran off his habeas clock before he paused it by seeking state post-conviction relief, not 360 as the Court originally concluded. *See* doc. 2 at 3. The clock did not start again, Williams contends

its previous recommendation (doc. 2). The respondent is **ORDERED**, within 45 days after E-service of this Order, to file a response and to show cause why the relief petitioner seeks should not be granted.

**SO ORDERED** this  5th  day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

(correctly), until the Georgia Supreme Court denied his certificate of probable cause to appeal on September 8, 2015. Doc. 9 at 4; doc. 1 at 45. Because he filed his § 2254 petition within the 117 days remaining on the one-year clock, Williams' petition is timely.