UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JARNARD M. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV415-292 |
| ) | |
| STANLEY WILLIAMS, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

In this 28 U.S.C. § 2254 case, petitioner Jarnard Williams moves to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Doc. 11. He contends that the State "failed to disclose a tacit cooperation agreement with" Isaac Fitzgerald, a witness at his 2009 murder trial, and in doing so violated his due process rights. Doc. 1 at 6; *Brady v. Maryland*, 373 U.S. 83, 86 (1963) ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). Williams seeks to include an affidavit from Stan Fitzgerald, Isaac's attorney, that he says proves the agreement's existence. Doc. 11-1 at 2. The State

opposes, arguing that Williams "failed to show that he acted with due diligence to present such evidence to the state courts or that such evidence was not available to him during the pendency of his state proceedings." Doc. 12 at 2.

> By its terms, Rule 7 empowers the court on its own initiative to order the production of documentary evidence independent of adversarial hearings and at any stage of the habeas review. As the Committee Notes explain: 'It may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits.' *See* 28 U.S.C.A. § 2254 Rule 7 advisory committee notes. The Notes, however, caution: 'When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful.' *Id.* Thus, Rule 7 facilitates, among other things, the early summary resolution of habeas cases on an expanded record, generally when the relevant issues are not ones of credibility.

*McNair v. Haley*, 97 F. Supp. 2d 1270, 1284 (M.D. Ala. 2000).

At this stage of proceedings (pre-evidentiary hearing, post-briefing), the Court **GRANTS** Williams' motion.[1] Doc. 11. It will address the

---

[1] The stage of proceedings and what's to come matters greatly in deciding the present motion. Right now, expanding the record to include the Fitzgerald affidavit means the Court will consider it along with the State's response and Williams' petition when it assesses his claims' merits. It does *not* mean that other provisions of § 2254 cease to apply.

2

merits of his petition in a separate Order.

**SO ORDERED,** this 9th day of August, 2016.

*/s/ J. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

For instance, § 2254(e) -- which severely restricts evidentiary hearings where an "applicant has failed to develop the factual basis of a claim in State court proceedings" -- will still bar a hearing on Williams' *Brady* claim unless he can show that (1) due diligence would not have revealed the Fitzgerald affidavit before or during his state habeas proceedings, *and* (2) "the facts underlying [his] claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *see also Owens v. Frank*, 394 F.3d 490, 498 (7th Cir. 2005) ("The ability of a habeas petitioner to introduce new evidence into the record depends on the interplay between two provisions: 28 U.S.C. § 2254(e)(2) and Habeas Corpus Rule 7."). The Court need not decide those issues now (it must first assess his claims' merits before deciding whether to hold a hearing, or grant or deny relief outright), though it notes that the diligence hurdle may be tough to clear since he's already extensively litigated the cooperation agreement issue both at trial (*see* doc. 14-15 at 15-20) and during his state habeas proceeding. *See, e.g.*, doc. 14-3 at 9-13.

Williams also remains subject to § 2254(d), which prohibits relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision" contrary to clearly established federal law, or "resulted in a decision that was based on an unreasonable" factual determination in light of evidence presented in state court. 28 U.S.C. §§ 2254(d)(1) & (2). He already litigated his *Brady* claim before the state habeas court, so § 2254(d) binds this Court, Fitzgerald affidavit or not.

3